IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

MICHALE SAIN                                                                               PETITIONER

VS.                    NO. 4:05-CV-01852-WRW
                           4:99-CR-00129-01-WRW

UNITED STATES OF AMERICA                                                      RESPONDENT

## ORDER

Petitioner has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. No. 34) and a Motion for a Copy of the Transcript (Doc. No. 33).

I.   BACKGROUND

On November 1, 1999, Petitioner waived his right to a jury trial. After arguments by counsel and the conclusion of all the evidence, I found Petitioner guilty of Count I of the indictment -- possession with intent to distribute more than 500 grams of cocain hydrochloride, a violation of 21 U.S.C. § 841(a)(1).[1] On January 26, 2000, Petitioner was sentenced to 210 months in prison.[2] He did not appeal his conviction or sentence.

Petitioner was allowed 45 days to report to the BOP, and was ordered to report on March 6, 2000. Petitioner did not report to the BOP on that date and Petitioner was indicted for failing to appear to serve his sentence. On January 14, 2003, Petitioner was arrested in Illinois. On February 14, 2005, Petitioner was sentenced for failing to appear.

In his § 2255 motion, Petitioner alleges several grounds for habeas relief: (1) trial counsel's failure to pursue an appeal amounted to ineffective assistance of counsel; (2) conviction was obtained using evidence from an improper *Terry*-stop; (3) had counsel appealed

---

[1]Doc. No. 27.

[2]Doc. No. 30.

-1-

the conviction, petitioner would have been entitled to *Apprendi* considerations; and (4) the court erred in using a presentence report to determine a sentence and counsel was ineffective when he failed to object.

## II.  DISCUSSION

Habeas petitions under 28 U.S.C. § 2255 are subject to a one-year limitation period, which begins to run from the time the conviction becomes final.[3]  Here, because Defendant did not appeal, his conviction became final ten days after the judgement was entered[4] -- February 5, 2000.  Therefore, Petitioner's statutory right to file a § 2255 petition expired on February 5, 2001.

Petitioner asserts that he is entitled to the equitable tolling of the § 2255 limitations period because he only recently discovered that his lawyer did not file the appeal as requested. Equitable tolling is appropriate "only in extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time . . . [or] when conduct of the defendant has lulled the plaintiff into inaction."[5]  Neither circumstance is present here.  In fact, Petitioner's failure to timely file his habeas petition was due entirely to his choice to become a fugitive in 2000.

To the extent that Petitioner is claiming that his failure to timely file the habeas petition was caused by his lawyer's failure to file an appeal, the argument is also without merit.  Even if his lawyer had filed an appeal, the appeal would have been dismissed when the Petitioner became and remained a fugitive for three years.  "[A] defendant that has voluntarily fled - and

---

[3]*Clay v. U.S.*, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").

[4]A party has ten days to file an appeal.  *See* Fed. R. App. P. 4(b)(1)(A)(i).

[5]*Kreutzer v. Bowersox*, 231 F.3d 460 (8th Cir. 2000).

remains a fugitive - is not entitled to appellate relief."[6]  Therefore, the limitations period would have expired several years ago.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED.  Accordingly, Petitioner's Motion for a Copy of the Transcript (Doc. No. 33) is DENIED as MOOT.

IT IS SO ORDERED this 20th day of April, 2006.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[6] *U.S. v. Vasquez-Gutierrez*, 335 F.3d 731, 732 (8th Cir. 2003);  *See also Buckley v. Lockhart*, 892 F.2d 715, 720 (8th Cir. 1989) (*quoting Molinaro v. New Jersey*, 396 U.S. 365 (1970)).